**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| **In re:** | |
| **TERRY R. BEER** | **CHAPTER 13** |
| **THERESA K. BEER,** | |
| **DEBTORS.** | **CASE NO. 16-33427-KRH** |

**OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN**

**NOTICE**

**YOUR RIGHTS MAY BE AFFECTED. YOU SHOULD READ THESE PAPERS CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY, IF YOU HAVE ONE IN THIS BANKRUPTCY CASE. (IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.)**

**IF YOU DO NOT WISH THE COURT TO SUSTAIN THE OBJECTION SOUGHT HEREIN, OR IF YOU WANT THE COURT TO CONSIDER YOUR VIEWS ON THE OBJECTION, THEN YOU MUST ATTEND THE HEARING ON THIS MATTER, OTHERWISE, THE COURT MAY DEEM OPPOSITION WAIVED, TREAT THE OBJECTION AS CONCEDED, AND ISSUE AN ORDER SUSTAINING THE OBJECTION WITHOUT FURTHER NOTICE OR HEARING.**

**THE HEARING IS SCHEDULED TO BE HELD ON AUGUST 31, 2016 AT 11:10 A.M. AT THE U.S. BANKRUPTCY COURT, 701 EAST BROAD STREET, COURTROOM 5000, RICHMOND, VA 23219.**

    **COMES NOW**, E*Trade Bank, by Counsel, and objects to the Confirmation of the Chapter 13 Plan filed July 14, 2016 (the "Plan") and in support thereof, represents unto the Court:

    1.    E*Trade Bank ("Secured Creditor") is a secured creditor of the Debtors herein by virtue of the Home Equity Line of Credit Agreement and accompanying Credit Line Deed of Trust on the property located at 3653 Forest Grove Road, Sandy Hook, VA 23153 (the "Property").

    2.    Specialized Loan Servicing is servicing agent for Secured Creditor.

    3.    Upon information and belief, the amount due and owing this Secured Creditor as of August 1, 2016 is approximately $45,277.99 by virtue of the loan maturing on June 1, 2015.

    4.    Debtors filed the present bankruptcy case on July 11, 2016.

    5.    The Plan lists Secured Creditor's lien is Section 5.C for which the lienholder is to be "paid by the Trustee during the term of the Plan as permitted by 11 U.S.C. § 1322(c)(2) with interest at the rate specified below…" but erroneously identifies the interest rate to be paid as "Variable."

    6.    Total Plan funding of $21,600.00 is less than the pre-petition arrears owed to Secured Creditor on this matured loan and less than the "Estimated Claim" of $42,000.00 listed in Section 5.C of the Plan.

    7.    The Plan further indicates in Section 11(6) that the "Debtors propose to pay

**Brandon R. Jordan, Esquire**
**Counsel for Plaintiff**
**Samuel I White, P.C.**
**Bar No. 72170**
**1804 Staples Mill Road,**
**Suite 200**
**Richmond, VA 23230**
**(804) 290-4290**
**File No. 46644**

Specialized Loan Servicing/SLS's claim in full during the pendency of the plan as follows: The Debtors will apply for a loan modification…" Such a provision attempting to modify a matured loan is inherently speculative, lacks proper funding to be able to comply with 11 U.S.C § 1322(c)(2) within the pendency of the Plan, and contradicts the terms of Section 5.C of the Plan.

8. The Plan offers alternative, contingent, speculative treatment of this Secured Creditor in Section 11(6) wherein Debtors would sell the Property by July 31, 2017 to pay the claim and provides yet another alternative contingent treatment (surrender) if neither a loan modification nor sale is completed by July 31, 2017, which is over a year from the date of bankruptcy filing and thus unreasonable with regard to treatment of a loan which matured over a year prior to bankruptcy filing.

9. The Plan fails to properly provide property of a value to be distributed to this Secured Creditor in an amount which is not less than its allowed secured claim in violation of 11 U.S.C. § 1325(a)(5)(B)(ii) and fails to provide equal monthly periodic payments as required by 11 U.S.C. § 1325(a)(5)(B)(iii)(I).

10. The Plan is speculative and not feasible pursuant to 11 U.S.C. § 1325(a)(6).

11. Any Chapter 13 Plan proposed by Debtor must provide for and eliminate the objections specified above in order to be feasible and to provide adequate protection to this objecting secured Creditor. It is respectfully requested that this Court deny confirmation of the Chapter 13 Plan as proposed by Debtors.

**WHEREFORE**, the undersigned requests as follows:

(1) That confirmation of the proposed Chapter 13 Plan be denied;

(2) Debtors be required to modify the Plan to honor the terms and conditions of the Credit Line Deed of Trust, and;

(3) For such other relief as this Court deems proper.

E*TRADE BANK

By: **/s/ BRANDON R. JORDAN**
Eric D. White, Esquire, Bar No. 21346
Michael T. Freeman, Esquire, Bar No. 65460
Brandon R. Jordan, Esquire, Bar No. 72170
Johnie R. Muncy, Esquire, Bar No. 73248
Nisha R. Patel, Esquire, Bar No. 83302
Douglas S. Rubin, Esquire, Bar No. 84393
Samuel I. White, P.C.
1804 Staples Mill Road, Suite 200
Richmond, VA 23230
Tel.: (804) 290-4290
Fax: (804) 290-4298
bjordan@siwpc.com

CERTIFICATE OF SERVICE

    I certify that on August 5, 2016, the foregoing Objection was served via CM/ECF on Suzanne E. Wade, Trustee, and Pia J. North, Counsel for Debtors, at the email addresses registered with the Court, and that a true copy was mailed via first class mail, postage prepaid, to Terry R. Beer and Theresa K. Beer, Debtors, 3653 Forest Grove Road, Sandy Hook, VA 23153.

**/s/ BRANDON R. JORDAN**
Brandon R. Jordan, Esquire
Samuel I. White, P. C.